UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN NARRA KUMAR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SKYHOP GLOBAL, LLC, et al.,<br><br>Defendants. | Case No. 21-cv-09141-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR ARBITRATION AND DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 1, 37, 38 |

The petition to compel arbitration is granted in part and denied in part.[1] Because the parties have delegated questions about the scope of arbitrability to the arbitrator by reference to the AAA rules, the Court leaves unresolved whether the arbitration clause covers the claims in this case. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130–31 (9th Cir. 2015).

1. The claims between Indyzen, Narra, SkyHop Tech, and Scotto are compelled to arbitration because of the arbitration provision in the June 2020 Development Agreement. *See* Dkt. No. 1, Exh. H.[2] Indyzen may enforce that agreement as a principal bound by the signature of its authorized agent, Narra. Narra may enforce the agreement as Indyzen's agent. *See Dryer v. Los Angeles Rams*, 40 Cal. 3d 406, 418 (1985). SkyHop Tech is bound to the agreement by the signature of its authorized agent, Scotto, acting within the scope of her authority as a corporate

---

[1] The motion to dismiss, or in the alternative stay, under the first-to-file doctrine is denied for the reasons stated on the record at the March 30 hearing. The corresponding request for judicial notice is denied. Exhibit A is attached to the complaint, and the Court need not consider Exhibits B and C to resolve the motion.

[2] The parties do not identify which development agreement governs the case. Because the agreements contain integration clauses, the Court considers the last one, from June 2020, to be the operative version.

officer. And Scotto is bound by the clause as an agent of SkyHop Tech who personally benefited from the agreement by virtue of her majority ownership of both SkyHop Tech and SkyHop Global. *See Cohen v. TNP 2008 Participating Notes Program, LLC*, 31 Cal. App. 5th 840, 860–61 (Cal. Ct. App. 2019).

      2.   The claims between Indyzen, Narra, and SkyHop Global are not required to proceed to arbitration. While Indyzen and Narra can enforce the arbitration provision in the Development Agreement for the reasons discussed above, the provision cannot be enforced against SkyHop Global.

      The petition includes generic allegations that SkyHop Tech is the alter ego of SkyHop Global. But a barebones recitation of the factors considered in a court's alter-ego analysis does not create a genuine dispute of material fact on that issue. Nor does the petition contain facts creating a genuine dispute that SkyHop Tech was acting as SkyHop Global's agent when it signed the Development Agreement.

      By licensing the software from SkyHop Tech, SkyHop Global may be a third-party beneficiary of the Development Agreement. A third-party beneficiary of a contract may enforce the contract's arbitration agreement against a signatory. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). But the reverse is not also true: Third-party beneficiary status is not sufficient to hold a non-signatory to obligations in the contract. *See Benasra v. Marciano*, 92 Cal. App. 4th 987, 991 (Cal. Ct. App. 2001).

      So the plaintiffs lean heavily on equitable estoppel. That theory applies when a party "make[s] use of a contract as long as it works to his advantage" and "then attempt[s] to avoid its application in defining the forum in which his dispute should be resolved." *Id.* Generally, that happens when a non-signatory invokes the contract in litigation to help win its case. *See Crowley Maritime Corporation v. Boston Old Colony Insurance Company*, 158 Cal. App. 4th 1061, 1071 (Cal. Ct. App. 2008) ("A common theme in these cases is that the party seeking relief was suing on the contract itself, not on a statute or some other basis outside the contract."); *NORCAL Mutual Insurance Company v. Newton*, 84 Cal. App. 4th 64, 78 (Cal. Ct. App. 2000); *see also*

*International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 417–18 (4th Cir. 2000). Nothing like that has happened in this case. SkyHop Global has not invoked the contract to defend itself in this litigation or to prosecute its related case in the Eleventh Circuit.

        Having failed to compel arbitration based on the Development Agreement, the plaintiffs turn to various testing approval documents that contain a separate arbitration clause. SkyHop Global signed one of those documents. *See* Dkt. No. 1, Exh. K. But the testing approval documents are not supported by consideration and therefore are not independently enforceable. Signing those documents is akin to signing for a package delivery—nothing is promised or received in exchanged for a party's signature. Nor are the documents incorporated by reference into the Development Agreement because they were not unequivocally referenced in the agreement or called to the parties' attention at the time the agreement was signed. *See Wolschlager v. Fidelity National Title Insurance Company*, 111 Cal. App. 4th 784, 790 (Cal. Ct. App. 2003).

        While the defendants raise reasonable arguments about whether they are proper parties to this litigation, those questions are not properly before the Court. They must instead be raised before the arbitrator (for SkyHop Tech and Scotto) or a future district court (if claims are later pursued against SkyHop Global in federal court).

        **IT IS SO ORDERED.**

Dated: July 13, 2022

_____
VINCE CHHABRIA
United States District Judge